No. 21-10199

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

## JUAN ENRIQUE PINTO,
Objector-Appellant,

**v.**

## SUSAN DRAZEN, ET AL.
Plaintiffs-Appellees,

**v.**

## GODADDY.COM, LLC,
Defendant-Appellee.

---

On Appeal from the United States District Court for the
Southern District of Alabama
(Case No. 1:19-cv-00563-KD-B)

---

## OPENING BRIEF OF APPELLEES

---

Dated: November 3, 2021                    Respectfully submitted,

                                           /s/*Earl P. Underwood, Jr.*
                                           UNDERWOOD & RIEMER, P.C.
                                           Earl P. Underwood, Jr.
                                           21 South Section Street
                                           Fairhope, AL 36532
                                           Tel: (251) 990-5558
                                           epuunderwood@alalaw.com
                                           *Counsel for Plaintiffs-Appellees*

No.: 21-10199

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

## CORPORATE DISCLOSURE STATEMENT

Pursuant to F.R.A.P. 26.1 and Eleventh Circuit Rule 26.1-1, Plaintiffs Susan Drazen and Jason Bennett declare that they are individual persons and that there are no publicly held corporations that own ten percent or more of any stock issued by either Plaintiff.

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1-2, Plaintiffs declare that the following individuals and entities are believed to have an interest in the outcome of this case or appeal:

- Bandas Law Firm, P.C. (Counsel for Objector-Appellant Juan Enrique Pinto);

- Bock Hatch Lewis & Oppenheim, LLC (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Christopher A. Bandas (Counsel for Objector-Appellant Juan Enrique Pinto);

- Cozen O'Connor (Counsel for Defendant-Appellee GoDaddy.com, LLC);

- Earl Price Underwood, Jr. (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

i

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

- Evan M. Meyers (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- GoDaddy.com, LLC (Defendant-Appellee);

- Jason Bennett (Plaintiff-Appellee);

- John Herrick (Plaintiff);

- John R. Cox (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Jeffrey M. Monhait (Counsel for Defendant-Appellee GoDaddy.com, LLC)

- Juan Enrique Pinto (Objector-Appellant);

- Kenneth J. Riemer Attorney at Law (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Kenneth J. Reimer (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Kent Law Offices (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Law Office of John R. Cox (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

- Mark K. Wasvary, P.C. (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Mark K. Wasvary (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Matthew B. Criscuolo (Counsel for Defendant-Appellee GoDaddy.com, LLC);

- McGuire Law, P.C. (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Myles McGuire (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- McMorrow Law, P.C. (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Michael J. McMorrow (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Paula L. Zecchini (Counsel for Defendant-Appellee GoDaddy.com, LLC);

- Phillip A. Bock (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

- Robert M. Hatch (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Robert William Clore (Counsel for Objector-Appellant Juan Enrique Pinto);

- Steven F. Helfand (Objector);

- Susan Drazen (Plaintiff-Appellee);

- The Honorable Kristi K. DuBose (U.S. District Court Judge, So. District of Alabama).

- The Honorable Sonja F. Bivins (U.S. District Magistrate Judge, So. District of Alabama);

- Thomas Jefferson Deen, III (Counsel for Objector-Appellant Juan Enrique Pinto);

- Trinette G. Kent (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Underwood & Riemer, P.C. (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

- Yevgeniy Y. Turin (Counsel for Plaintiffs-Appellees Susan Drazen and Jason Bennett);

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

 I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the justices of the Eleventh Circuit Court of Appeals assigned to this case, and will immediately notify the Court in writing upon learning of any such conflict.

Dated: November 3, 2021   Respectfully submitted,

        /s/*Earl P. Underwood, Jr.*
        UNDERWOOD & RIEMER, P.C.
        Earl P. Underwood, Jr.
        21 South Section Street
        Fairhope, AL 36532
        Tel: (251) 990-5558
        epunderwood@alalaw.com
        *Counsel for Plaintiffs-Appellees*

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

## TABLE OF CONTENTS

**Table of Contents**................................................................vi

**Table of Authorities**................................................vii–ix

**Statement of the Issues**......................................................1

**Statement of the Case** ........................................................2

    A.   The Underlying Litigation....................................................2

    B.   The Settlement ............................................................3

    C.   The District Court's Preliminary Approval of the Settlement...4

    D.   Appellant's Objection.....................................................5

    E.   The District Court's Final Approval of the Settlement ..............6

    F.   Objector's Settlement Efforts ........................................10

**Summary of the Argument**...............................................11

**Argument**.........................................................................13

    I.   Standard of Review..........................................................13

    II.   The District Court's Ruling Granting Final Approval Of The Settlement Was Not An Abuse Of Discretion ...........................14

    III.   CAFA Is Inapplicable To This Settlement Because It Provides Cash Compensation To Settlement Class Members.................19

    IV.   The Voucher Award Provided By The Settlement Was Not A Coupon ....................................................................23

    V.   The District Court's Award Of Attorneys' Fees Was Not An Abuse Of Discretion......................................................29

    VI.   Objector Has Already Conceded That The District Court Did Not Err In Granting Final Approval Of The Settlement..........33

**Conclusion**......................................................................34

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

## **TABLE OF AUTHORITIES**

### **Cases**

*Ault v. Walt Disney World Co.,*
    692 F.3d 1212 (11th Cir. 2012) ........................................................... 8

*Barry v. Ally Fin., Inc.,*
    No. 20-cv-12378, 2021 WL 2936636 (E.D. Mich. 2021) ..................... 17

*Brickman, v. Facebook, Inc.,*
    No. 16-cv-00751, 2021 WL 4198512 (N.D. Cal. 2021) ........................ 16

*Camden I Condo Ass'n v. Dunkle,*
    946 F.2d 768 (11th Cir. 1991) ......................................................... 9, 20

*Cotton v. Hinton,*
    559 F.2d 1326 (5th Cir. 1977) ............................................................. 8

*Bennett v. Behring Corp.,*
    737 F.2d 982 (11th Cir. 1984) .................................................. 8, 13, 14

*Blessing v. Sirius XM Radio Inc.,*
    507 F. App'x 1 (2d Cir. 2012) ............................................................ 32

*Faught v. American Home Shield Corp.,*
    668 F.3d 1233 (11th Cir. 2011) ........................................................ 9, 13

*Facebook, Inc. v. Duguid,*
    141 S. Ct. 1163 (2021) ................................................................. 16, 30

*Figueroa v. Sharper Image Corp.,*
    517 F. Supp. 2d 1302 (S.D. Fla. 2007) ............................................... 24

*Fruitstone v. Spartan Race, Inc.,*
    No. 20-cv-20836, 2021 WL 2012362 (S.D. Fla. 2021) .................... 24, 25

*Gevaerts v. TD Bank, N.A.,*
    No. 14-cv-20744, 2015 WL 6751061 (S.D. Fla. 2015) ............... 9, 20, 29

*Gonzalez v. TCR Sports Broad. Holding, LLP,*
   No. 18-cv-20048, 2019 WL 2249941 (S.D. Fla. 2019) ......................... 30

*Greco v. Ginn Development, Co., LLC,*
   635 Fed. Appx. 628 (11th Cir. 2015) ..................................................... 8

*Hanley v. Tampa Bay Sports & Entertainment,*
   No. 19-cv-00550, Dkt. 94 (M.D. Fla. 2020) ........................................ 31

*In re Easysaver Rewards Litig.,*
   906 F.3d 747 (9th Cir. 2018) ...................................................... 15, 18

*In re Equifax Inc. Customer Data Sec. Breach Litig.,*
   999 F.3d 1247 (11th Cir. 2021) .................................................... 13, 14

*In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg.,
   Sales Pracs. & Prod. Liab. Litig.,*
   952 F.3d 471 (4th Cir. 2020) ....................................... 14–18, 26, 27, 32

*In re Progressive Ins. Corp. Underwriting & Rating Practices Litig.,*
   No. 03-cv-01519, 2008 WL 11348505 (N.D. Fla. 2008) ...................... 31

*In re Sunbeam Sec. Litig.,*
   176 F. Supp. 2d 1323 (S.D. Fla. 2001) ................................................. 9

*In re Sw. Airlines Voucher Litig.,*
   799 F.3d 701 (7th Cir. 2015) ...................................................... 14, 15

*James v. JPMorgan Chase Bank, N.A.,*
   No. 15-cv-2424, 2017 WL 2472499 (M.D. Fla. 2017) ......................... 30

*Johnson v. Georgia Highway Express, Inc.,*
   488 F.2d 714 (5th Cir. 1974) ............................................................... 9

*Mahoney v. TT of Pine Ridge, Inc.,*
   No. 17-cv-80029, 2017 WL 9472860 (S.D. Fla. 2017) .................... 7, 20

*Nelson v. Mead Johnson & Johnson Co.,*
   484 Fed. Appx. 429 (11th Cir. 2012) .................................................... 8

*Parsons v. Brighthouse Networks, LLC*,
　No. 09-cv-267, 2015 WL 13629647 (N.D. Ala. 2015) ........ 23, 24–27, 32

*Pinto v. Princess Cruise Lines, Ltd.*,
　513 F. Supp. 2d 1334 (S.D. Fla. 2007) ................................................. 32

*Poertner v. Gillette Co.*,
　618 Fed. Appx. 624 (11th Cir. 2015) ....................................... 9, 22, 30

*Schwyhart v. AmSher Collection Servs., Inc.*,
　No. 15-cv-01175, 2017 WL 1034201 (N.D. Ala. 2017) ....................... 31

*Shane Grp. v. Blue Cross Blue Shield of Mich.*,
　825 F.3d 299 (6th Cir. 2016) .............................................................. 16

*Swaney v. Regions Bank*,
　No. 13-cv-00544, 2020 WL 3064945 (N.D. Ala. 2020) ....................... 22

*Timms v. USAA Fed. Sav. Bank*,
　No. 18-cv-01495, 2021 WL 2354931 (D.S.C. 2021) ............................ 16

*True v. American Honda Motor Corp.*,
　749 F. Supp. 2d 1052 (C.D. Cal. 2010) .............................................. 24

*Waters v. Intern. Precious Metals Corp.*,
　190 F.3d 1291 (11th Cir. 1999) ......................................... 9, 14, 22, 30

## **Statutes**

47 U.S.C. § 227 ..................................................................................... 2

Class Action Fairness Act, 28 U.S.C. § 1712 .................................. *passim*

## **Other Authorities**

William B. Rubenstein, *Newberg on Class Actions*
　(5th ed. 2011) ................................................................................... 13

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

## **STATEMENT OF THE ISSUES**

1.      Whether the District Court's ruling granting final approval of the class action settlement was an abuse of discretion given its thorough analysis of the settlement.

2.      Whether the District Court erred in finding that the settlement was not subject to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 because it made up to $35 million available from which settlement class members could claim a $35 cash award.

3.      Whether the District erred in find that the $150.00 voucher awards made available to settlement class members were not "coupons" under CAFA given that settlement class members could choose between the vouchers and a $35.00 cash award and the voucher awards were: (1) fully transferrable, (2) valuable enough to allow settlement class members to purchase a variety of products and services without any additional payment, and (3) provided meaningful compensation as evidenced by the fact that approximately half of the settlement class members who filed claims chose the voucher award.

4.      Whether the District Court abused its discretion in awarding as attorneys' fees just 20% of the up to $35 million the settlement made

available for settlement of approved claims and settlement costs.

## STATEMENT OF THE CASE

### A.    The Underlying Litigation.

This is an appeal of the District Court's order granting final approval to a class action settlement regarding Defendant-Appellee GoDaddy.com, LLC's ("GoDaddy") allegedly unauthorized automated phone calls and text messages. Plaintiffs-Appellees brought suit against GoDaddy, alleging that GoDaddy had placed automated phone calls and text messages to its current and former customers attempting to sell additional services or products.[1] Plaintiffs-Appellees alleged that GoDaddy failed to obtain valid consent to place such calls and text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").[2] In December 2019 – following three years of litigation – Plaintiffs-Appellees were able to negotiate a global class action settlement that resolved three separate lawsuits pending across two federal district courts and that provided an opportunity for

---

[1] Dkt. No. 1, at ¶ 7; *Bennett v. GoDaddy.com, LLC,* No. 16-cv-03908, Dkt. No. 75, at ¶¶ 10, 12, 15, 21 (D. Az. Dec. 1, 2017).
[2] Dkt. No. 1, at ¶¶ 14, 18; *Bennett* Compl., No. 16-cv-03908, Dkt. No. 75, at ¶ 36.

over 1.2 million class members who received the allegedly unauthorized

phone calls and text messages at issue to claim compensation.[3]

## B.    The Settlement.

The global settlement made up to $35 million available for

settlement of approved claims and settlement costs.[4] To qualify as a class

member entitled to compensation under the settlement, a person must

have: (1) received a call or text message on their cellular telephone from

GoDaddy; (2) pursuant to one of GoDaddy's outbound calling campaigns;

(3) during the class period.[5] The settlement allowed each of the more than

1.2 million settlement class members to claim a $35 cash award or, in the

alternative, a $150 voucher award.[6] The voucher awards made available

to the settlement class members are redeemable online at GoDaddy's

website or over the telephone, are fully transferrable, are good on all

products and services offered by GoDaddy, and require no minimum

purchase.[7]

---

[3] Dkt. No. 20-1; Dkt. No. 69-3, at ¶ 7.

[4] Dkt. No. 69-1, at ¶ 50.

[5] Dkt. No. 69-1, at ¶ 49.

[6] Dkt. No. 69-1, at ¶ 50(a)–(b).

[7] Dkt. No. 69-1, at ¶ 50(b).

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

## C. The District Court's Preliminary Approval of the Settlement.

On January 10, 2020, Plaintiffs-Appellees moved for preliminary approval of the settlement in the underlying consolidated action that was pending before the Hon. Kristi K. DuBose, Chief Judge for the Southern District of Alabama.[8] Following revisions to the settlement class definition requested by the District Court after extensive review of the settlement agreement, on June 9, 2020, the District Court granted preliminary approval of the Parties' Second Amended Settlement Agreement (the "Settlement Agreement").[9]

Following preliminarily approval of the settlement, the Parties commenced notice of the settlement on July 9, 2020, with the Settlement Administrator sending notice to the approximately 1.2 million potential Settlement Class Members.[10] Plaintiffs subsequently filed their Motion for Attorneys' Fees on July 24, 2020—more than five weeks before the August 31, 2020 objection deadline.[11] The settlement class responded with overwhelmingly positive approval of the settlement: only 11 class

---

[8] Dkt. No. 20.
[9] Dkt. No. 49.
[10] Dkt. No. 69-3, at ¶¶ 9–21.
[11] Dkt. No. 49; Dkt. No. 50.

members requested to be excluded; only one valid objection was received; and 24,058 class members filed claims, with 11,662 filing a claim for the $35 cash award, and 12,396 filing a claim for the $150 voucher award.[12]

## D.    Appellant's Objection.

On August 31, 2020, Objector-Appellant, represented by Bandas Law Firm, P.C., filed his objection to the settlement with the District Court.[13] Objector primarily argued that the settlement was a "coupon settlement under CAFA" because it permitted settlement class members the option of choosing the $150 voucher award instead of the $35 cash award.[14] Objector argued that, under CAFA, the settlement should be rejected because the attorneys' fees being sought were excessive in comparison to the relief actually claimed by class members.[15] Objector also argued that the District Court erred in initially awarding attorneys' fees amounting to 25% of the up to $35 million made available by the settlement because CAFA required the District Court to base the attorneys' fee award on the amount of voucher awards actually redeemed

---

[12] Dkt. No. 69-3, at ¶¶ 22–25.
[13] Dkt. No. 53.
[14] Dkt. No. 53, at 15–18.
[15] Dkt. No. 53, at 18–20.

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

by the settlement class members.[16] Objector also raised several ancillary

matters, including asserting that the District Court erred by prematurely

entering an initial ruling on Class Counsel's request for an attorneys' fee

award and that the settlement did not provide for sufficient measures to

ensure that settlement class members would receive settlement

benefits.[17] Critically, the declaration provided by the Objector, Mr. Pinto

himself, in support of the objection did not actually state that Objector

thought that the settlement was in any way deficient, that the

compensation provided to class members was insufficient, or that the

settlement was otherwise objectionable.[18]

### E.    The District Court's Final Approval of the Settlement.

On December 14, 2020, after full briefing on the objection, the

District Court held a final approval hearing and gave Objector a full

opportunity to present his objection in open court.[19] On December 23,

2020, the District Court entered its Final Judgment and Order Approving

Class Settlement.[20] In its 32-page final approval order, the District Court

---

[16] Dkt. No. 53, at 20–21.
[17] Dkt. No. 53, at 14, 28.
[18] Dkt. No. 53-1.
[19] Dkt. No. 74.
[20] Dkt. No. 74.

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

engaged in a thorough analysis of the merits of the settlement, Objector's arguments, and Class Counsel's petition for an award of attorneys' fees. The District Court found that the settlement was not subject to CAFA because "the presence of the $35 cash award removes [the settlement] from the purview of CAFA's restrictions on coupon settlements."[21] The District Court further explained that the settlement allowed "the Class Members . . . the opportunity to weigh, in their own rationale self-interest, whether the $150 voucher award provided greater value than the $35 cash award" and thus "unlike a coupon settlement where there is no cash alternative, for those who elect a voucher award the likelihood that the voucher would be used is significantly greater."[22] The District Court also noted that "roughly half of the Class Members opted for the $150 Voucher option" and "[t]hus, it can be assumed that half of the claimants recognized the $150 voucher as bestowing equal or greater value than the $35 cash award."[23]

Further, turning to the merits of the settlement, the District Court

---

[21] Dkt. No. 74, at 7 (citing *Mahoney v. TT of Pine Ridge, Inc.*, 2017 WL 9472860, at *6 (S.D. Fla. Nov. 20, 2017)).
[22] Dkt. No. 74, at 7.
[23] Dkt. No. 74, at 7.

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

found that the settlement was "fair, adequate and reasonable and not the result of collusion."[24] Analyzing the six factors under *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), the District Court found that: the settlement was not a product of collusion; the settlement was supported by experienced counsel; the recovery provided by the settlement was fair and reasonable given the potential risks of litigation; the litigation involved numerous complex legal issues; the class members overwhelmingly supported the settlement; Plaintiffs had litigated the case extensively and had access to all information necessary to assess the merits of the case and negotiate the settlement; and, most critically (and entirely ignored by Objector) that Plaintiffs "faced substantial hurdles that affected the class's likelihood of succeeding on the merits at trial" including numerous developments in TCPA jurisprudence that would have foreclosed any potential for recovery for the class altogether.[25]

Finally, while Class Counsel had originally requested an attorneys'

---

[24] Dkt. No. 74, at 13 (citing *Greco v. Ginn Development, Co., LLC*, 635 Fed. Appx. 628, 632 (11th Cir. 2015); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)); *Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 434 (11th Cir. 2012); *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1217 (11th Cir. 2012)).

[25] Dkt. No. 74, at 14–22.

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

fee award of 30% of the up to $35 million made available by the settlement, the District Court awarded just "20% of the Settlement Fund," amounting to $7,000,000.[26] The District Court explained that attorneys "who recover[] a common fund for the benefit of persons other than himself is entitled to a reasonable attorney's fee from the fund as a whole."[27] The District Court further held that under Eleventh Circuit law the attorneys' fees awarded should be determined by the total amount of benefits made available to the settlement class "regardless of whether each class member redeems the benefits made available[.]"[28] The District Court applied the 12 factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) to determine that a reasonable fee award for Class Counsel was "20% of the Settlement Fund."[29] In so ruling, the District Court rejected Objector's arguments,

---

[26] Dkt. No. 74, at 26–27.

[27] Dkt. No. 74, at 24 (citing *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001); *Gevaerts v. TD Bank, N.A.*, No. 14-cv-20744, 2015 WL 6751061, at *10 (S.D. Fla. Nov. 5, 2015); *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991)).

[28] Dkt. No. 74, at 24 (citing *Poertner v. Gillette Co.*, 618 Fed. Appx. 624, 628 n.2 (11th Cir. 2015); *Waters v. Intern. Precious Metals Corp.*, 190 F.3d 1291, 1294–94 (11th Cir. 1999)).

[29] Dkt. No. 74, at 25–27 (citing *Johnson,* 488 F.2d at 717–19; *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011); *Camden,* 946 F.2d at 772 n.3)).

holding that while Objector "argues attorneys' fees are too high" based on the "calculation of the value of the estimated redeemed coupons and cash payout compared to the requested fees," because "this is not a coupon settlement, CAFA's provisions that base attorneys' fee awards on coupons actually redeemed is inapplicable."[30]

In sum, the District Court granted final approval of the settlement, awarded Class Counsel attorneys' fees amounting to 20% of the up to $35 million made available for settlement of approved claims and settlement costs, and overruled Objector's arguments in their entirety.[31]

## F.    Objector's Settlement Efforts.

On January 19, 2021, Objector filed his notice of appeal.[32] Shortly after filing his notice of appeal, and prior to filing his appellate opening brief, Objector's counsel entered into a settlement agreement with Class Counsel whereby Objector's counsel agreed that he would dismiss Objector's appeal in exchange for a payment to his law firm.[33] Importantly, that settlement agreement did not provide for any changes

---

[30] Dkt. No. 74, at 26.
[31] Dkt. No. 74, at 31.
[32] Dkt. No. 75.
[33] *See* Dkt. No. 88-1.

to the final approval order or the relief to the class in exchange for Objector's counsel's agreement to dismiss this appeal, thus providing no benefit to the settlement class members other than allowing the settlement benefits they were entitled to receive to finally be distributed.

Because Fed. R. Civ. P. 23 requires court approval in connection with dismissing an appeal of an order approving a class settlement in exchange for payment, Objector moved for an indicative ruling from the District Court approving his agreement to dismiss this appeal in exchange for a payment to Objector's counsel.[34] The District Court denied Objector's request for approval of a settlement of his Objection. The District Court noted that "every objection Pinto made was overruled" and his involvement in the approval process "did not improve the terms of the Settlement Agreement, much less *substantially* improve the Settlement" (emphasis in original).[35]

## SUMMARY OF THE ARGUMENT

The District Court conducted a thorough and in-depth analysis of the merits of the settlement at issue and in a 32-page opinion explained

---

[34] Dkt. No. 88.
[35] Dkt. No. 89.

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

why it found the settlement to be fair, adequate, reasonable, and not the result of collusion. The District Court's ruling finally approving the settlement was based on well-established Eleventh Circuit precedent and was not an abuse of discretion. Indeed, while Objector argues that the District Court's ruling should be reversed in its entirety and the settlement be rejected under CAFA, *none* of the three federal appellate cases that Objector cites as the basis for his Objection found that the district court abused its discretion in granting final approval of the underlying settlement.

Objector's argument that this is "primarily" a coupon settlement subject to CAFA is likewise unavailing. As the District Court made clear, the settlement made available up to $35 million for settlement of approved claims and settlement costs, from which the 1.2 million class members were each eligible to claim a *cash* award of up to $35. The fact that the settlement also offered class members the option of choosing a $150 voucher award does not convert the settlement into a coupon settlement. Furthermore, the voucher awards themselves did not bear any of the trademarks of a "coupon" under CAFA given their significant value and the fact that settlement class members favored them equally

to the cash compensation made available. As such, the District Court correctly held that Class Counsel were entitled to "20% of the Settlement Fund" that they made available to the settlement class.[36]

## ARGUMENT

## I.    Standard of Review.

The District Court's judgment granting final approval of the settlement is subject to review for abuse of discretion. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021) ("because '[d]etermining the fairness of the settlement is left to the sound discretion of the trial court,' we will not overturn its decision 'absent a <u>clear</u> showing of abuse of that discretion'") (emphasis in original) (citing *Bennett*, 737 F.2d at 986; 4 Newberg on Class Actions § 13:47 ("[A]ppellate courts review the approval decision under a highly deferential abuse of discretion standard")). The District Court's ruling awarding attorneys' fees is similarly subject to the same abuse of discretion standard. *Faught*, 668 F.3d at 1242 ("The district court 'has great latitude in formulating attorney's fees awards subject only to the necessity of explaining its reasoning so that we can undertake our

---

[36] Dkt. No. 74, at 27.

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

review"") (citing *Waters,* 190 F.3d at 1293).

## II.   The District Court's Ruling Granting Final Approval Of The Settlement Was Not An Abuse Of Discretion.

Objector's argument that the District Court's final approval ruling should be reversed pursuant to CAFA puts the cart before the horse.[37] It is well established that a district court's ruling granting final approval of a class action settlement is subject to an abuse of discretion standard. *In re Equifax Data Breach Litig.*, 999 F.3d at 1273; *Bennett*, 737 F.2d at 986. Indeed, the federal appellate decisions that form the basis of Objector's appeal state as such. *In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 711 (7th Cir. 2015) ("the district court approved this settlement after finding it fair and reasonable for the class. On appeal we review that approval for an abuse of discretion"); *In re: Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 952 F.3d 471, 483 (4th Cir. 2020) ("We review a district court's approval of a class-action settlement for an abuse of discretion").

CAFA's provisions regarding "coupon" settlements itself simply state that "[i]n a proposed settlement under which class members would

---

[37] *See* Appellant's opening brief, at 21 ("Since CAFA applies, reversal of the district court's approval of the settlement must follow").

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

be awarded coupons, the court may approve the proposed settlement only

after a hearing to determine whether, and making a written finding that,

the settlement is fair, reasonable, and adequate for class members." 28

U.S.C. § 1712. This is precisely why the Ninth Circuit in *In re: Easysaver*

*Rewards Litigation*, the Fourth Circuit in *In re: Lumber Liquidators*

*Litigation*, and the Seventh Circuit in *In re: Southwest Airlines Voucher*

*Litigation* did <u>not</u> actually reverse the district courts' final approval of

the underlying settlements. *In re Sw. Airlines Voucher Litig.*, 799 F.3d at

716; *In re: Lumber Liquidators Litig.*, 952 F.3d 486; *In re Easysaver*

*Rewards Litig.*, 906 F.3d 747, 763 (9th Cir. 2018).

As outlined above, after a lengthy hearing where Objector was

allowed to fully state the basis of his objection on the record, the District

Court issued its 32-page final approval order that explained in detail why

the settlement was "fair, adequate and reasonable and not the result of

collusion."[38] As the Fourth Circuit in *In re: Lumber Liquidators*

*Litigation* succinctly explained:

> At bottom, the Settlement Approval Order thoughtfully
> assessed what the class members "would give up in the
> proposed settlement, and then explain[ed] why — given their
> likelihood of success on the merits — the tradeoff embodied in

---

[38] Dkt. No. 74, at 13–23.

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

the settlement" was fair, reasonable, and
adequate. *See Shane Grp. v. Blue Cross Blue Shield of Mich.*,
825 F.3d 299, 309 (6th Cir. 2016). In the circumstances, we
are satisfied that the district court's decision to approve the
settlement is not an abuse of discretion.

*In re: Lumber Liquidators Litig.*, 952 F.3d at 486. Objector does not even

attempt to rebut each of the seven factors the District Court found to

weigh in favor of final approval.[39] Nor is there any credence to Objector's

sole argument that the settlement class would somehow be "better off" if

the settlement were reversed.[40] In light of the ruling in *Facebook, Inc. v.*

*Duguid*, 141 S. Ct. 1163 (2021) – as Class Counsel foresaw and made the

District Court aware – numerous courts have held that the calls and text

messages the settlement class received are not actionable under the

TCPA because "systems that 'target phone numbers that were obtained

in a non-random way (specifically, from consumers who provided them)'

were not covered [under] ATDS." *See Brickman, v. Facebook, Inc.*, No. 16-

cv-00751, 2021 WL 4198512, at *1 (N.D. Cal. Sept. 15, 2021) (citing

*Facebook*, 141 S. Ct. at 1168); *Timms v. USAA Fed. Sav. Bank*, No. 18-

cv-01495, 2021 WL 2354931, at *4 (D.S.C. June 9, 2021) (granting

---

[39] *See* Dkt. No. 74, at 13–23.
[40] Appellant's Brief at 24.

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

summary judgment on the issue of whether an ATDS was used where the system "dial[ed] numbers from a specific list of numbers provided"); *Barry v. Ally Fin., Inc.*, No. 20-cv-12378, 2021 WL 2936636, at *4 (E.D. Mich. July 13, 2021) ("these calls were targeted at specific individuals in connection with specific accounts held by Defendant. That ends this case").

In short, while Objector speaks at length why this settlement should be subject to CAFA, Objector's appeal actually challenges the District Court's award of attorneys' fees under CAFA, rather than approval of the settlement itself. This is clear because Objector does not argue that either the cash award or the voucher award were inadequate. Rather, Objector argues that the District Court's approval of the settlement should be reversed in light of the amount of attorneys' fees awarded in comparison to the relief ultimately *claimed* by settlement class members. (*See* Appellant's Brief at 23–24.) The Fourth Circuit in *In re: Lumber Liquidators Litigation* rejected similar arguments that "the settlement is both unfair and inadequate because class counsel secured much of the cash from the settlement for themselves" and held that the amount of attorneys' fees awarded does not "alone . . . mandate vacatur

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

of the district court's decision to approve the settlement." *In re: Lumber Liquidators Litigation*, 952 F.3d at 486. In fact, the Fourth Circuit went even further and stated that even if on remand the district court awarded the same exact amount of attorneys' fees under CAFA, it would "not render the Settlement Approval Order infirm in light of our deferential standard for reviewing such decisions." *Id.* at 486. In *In re Easysaver Rewards Litig.*, the Ninth Circuit similarly found that the objector's argument that "the settlement disproportionately benefits class counsel at the expense of the class. . . largely collapses into Objector's challenge to the fee award under CAFA." 906 F.3d at 760. And while Objector here makes much of how Class Counsel structured the settlement,[41] the Ninth Circuit further explained that even where a settlement *is* subject to CAFA, it is still "unnecessary to reverse the entire settlement" because "[w]e can . . . be confident that class members would not have made different decisions had they known that the fee award would be recalculated" since they will "receive the $20 coupons regardless of the size of the fee award." *In re Easysaver Rewards Litig.*, 906 F.3d at 763. As such, this Court should reject Objector's attempts to challenge the

---

[41] Appellant's Brief at 25.

18

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

District Court's well-reasoned and adequately supported final approval order.

## III. CAFA Is Inapplicable To This Settlement Because It Provides Cash Compensation To Settlement Class Members.

As explained above, Objector's challenge to the settlement is that it disproportionately awarded attorneys' fees as opposed to settlement benefits to the class members in violation of CAFA.[42] However, Objector's argument is fundamentally flawed because it ignores that the settlement specifically enabled *each* of the 1.2 million class members to claim a cash award of up to $35. Accordingly, the District Court awarded Class Counsel's attorneys' fees based on the $35 million that the settlement made available for the settlement of approved claims and settlement costs.[43] As the District Court noted, the settlement "established a common fund of $35 million, which funds the claims filed by the Class Members."[44] As such, the District Court applied well-established Eleventh Circuit precedent that "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established

---

[42] *See* Appellant's Brief at 21–24.
[43] Dkt. No. 74, at 4, 26–27.
[44] Dkt. No. 74, at 16.

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

for the benefit of the class."[45] After a thorough analysis of Class Counsel's

attorneys' fee petition – including evaluating the twelve *Johnson* factors

– the District Court ultimately determined that an award of "20% of the

Settlement Fund" was a "reasonable fee for Class Counsel."[46]

As the District Court pointed out, Objector fails to cite to *any*

Eleventh Circuit authority that offering class members an additional

alternative form of relief somehow triggers CAFA's coupon provisions

and requires the District Court to completely disregard the cash

compensation that the settlement provided.[47] The only other court in the

Eleventh Circuit that has taken up the issue has similarly *rejected* these

arguments. *See Mahoney*, 2017 WL 9472860, at *6 (finding that an option

between cash and nonpecuniary relief is not a coupon settlement). In

essence, Objector essentially seeks to nullify the up to $35 million in cash

settlement benefits that the settlement made available because Class

Counsel advocated on behalf of the settlement class and negotiated an

alternative voucher award that provided class members with a valuable

---

[45] Dkt. No. 74, at 24 (citing *Gevaerts,* 2015 WL 6751061 at *10; *Camden I*, 946 F.2d at 774)).

[46] Dkt. No. 74, 25–27.

[47] Dkt. No. 74, at 7, 26.

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

*choice.* Ironically, had Class Counsel simply negotiated for the $35 cash award, Objector's arguments would be entirely moot even though the settlement class members who chose the $150 voucher award would be worse off than if Class Counsel had simply negotiated for the cash award.[48]

Taking Objector's position to its logical conclusion, class counsel should never seek any additional or alternative form of relief for settlement class members to have the freedom to choose, regardless of whether it would ultimately be in the settlement class' interest. Given the lack of any other valid objections, and the overwhelming support for the settlement and the relief it made available by the settlement class members, penalizing Class Counsel for making the settlement more valuable to the settlement class is a paradoxical result that should not be permitted.

---

[48] Objector's argument is entirely limited to the fact that the settlement made voucher awards available as an option to the settlement class and Objector does not raise any issue with the value of the cash award or dispute the District Court's finding that the $35 cash award was valuable and adequate compensation for the settlement class members. *See* Dkt. No. 74, 17–18 (collecting authorities and finding that the $35 cash award was "fair and reasonable").

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

At base, Objector contends that Class Counsel's attorneys' fees are excessive when viewed in comparison to the actual number of claims filed by settlement class members. Eleventh Circuit law, however, is clear that attorneys' fees are determined based on the total settlement benefits made available to the settlement class and not the actual amount claimed by settlement class members.[49] Knowing full well that Eleventh Circuit law clearly supports an award of attorneys' fees based on the $35 million made available by the settlement for the settlement of approved claims and settlement costs, Objector instead attempts to undermine the settlement by arguing that the alternative voucher award somehow converts the *whole settlement* into a coupon settlement. For the reasons stated above, Objector's attempts to carve his way around binding Eleventh Circuit precedent by simply disregarding the cash benefits negotiated for the settlement class by Class Counsel should be rejected.

---

[49] Dkt. No. 74, at 24 (citing *Swaney v. Regions Bank*, No. 13-cv-00544, 2020 WL 3064945, at *6 (N.D. Ala. June 9, 2020); *Poertner*, 618 Fed. Appx. at 628 n.2; *Waters*, 190 F.3d at 1294–94)).

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

## IV. The Voucher Award Provided By The Settlement Was Not A Coupon.

The fact that the settlement made available "fair and reasonable" cash compensation for each of the over 1.2 million class member should be the end of the inquiry on this appeal.[50] However, even addressing the merits of Objector's argument that the District Court should have looked past the cash benefits provided by the settlement, the District Court correctly noted that the voucher awards did not have the hallmarks of a "coupon" that would trigger CAFA scrutiny.[51] As explained by the district court in *Parsons v. Brighthouse Networks, LLC*, No. 09-cv-267, 2015 WL 13629647 (N.D. Ala. Feb. 5, 2015), "courts have generally considered a coupon settlement to be one that provides benefits to class members in form of a *discount* towards the future purchase of a product or service offered by the defendant." *Parsons*, 2015 WL 13629647, at *7 (internal citations omitted) (emphasis in original). Further, coupon settlements, "often do not provide meaningful compensation to class members; they often fail to disgorge ill gotten gains from the defendant; and they often require class members to do future business with the defendant in order

---

[50] Dkt. No. 74, at 17–18.
[51] Dkt. No. 74, at 7–8.

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

to receive compensation." *Parsons*, 2015 WL 13629647, at *7 (citing *True v. American Honda Motor Corp.*, 749 F. Supp. 2d 1052, 1062 (C.D. Cal. 2010), quoting *Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1302 (S.D. Fla. 2007)); *see also Fruitstone v. Spartan Race, Inc.*, No. 20-cv-20836, 2021 WL 2012362, at *5 (S.D. Fla. May 20, 2021) (also recognizing the "three primary concerns with coupon settlements" stated in *Figueroa*, 517 F. Supp. 2d at 1302).

In finding that the $30 account credits at issue in *Parsons* were not coupons, the court focused on the fact that the account credits were not "discounts" off of the purchase of services, but rather were the "equivalent of cash that can be spent to purchase new services outright." 2015 WL 13629647, at *7. Specifically, the court noted that the defendant's TV programming and services "costs $15 or less per month, and thus can be purchased using the $30 account credit without the outlay of any additional money by the customer." *Id.* at *8. Importantly for the purposes of this case, the *Parsons* court also focused on the fact that the account credits were being provided to *current* customers, such that they were likely choosing to continue to do business with the defendant not to redeem the credits, but for "independent" reasons. *Id.* Similarly, more

24

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

recently in *Fruitstone,* the court explained that the account credits providing for a free four-month subscription to the defendant's services were also not coupons because "Settlement Class Members are not required to spend any money to realize the benefit of the four-month Spartan+ Program[.]" 2021 WL 2012362, at *6. The court also noted that the alternative $5 vouchers that the settlement provided also did not qualify as coupons under CAFA as "there are 25 products available on Spartan's website priced at $5 or less[.]" *Id.*

Here, the nature of the voucher awards weighs even more heavily in favor of finding that they are not "coupons" under CAFA. At $150, the Voucher awards clearly provide meaningful compensation to the settlement class. Like the account credits in *Parsons*, the voucher awards are not simply a discount; they allow class members to purchase a variety of products and services from GoDaddy without having to spend *any* of their own money. For example, the voucher awards can be used to purchase a domain name, which start at $3.99. *See* www.godaddy.com/domains (last accessed November 1, 2021). In addition, website hosting starts at $5.99 a month, allowing settlement class members to purchase an entire year of website hosting services with

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

the voucher award. *See* www.godaddy.com/hosting (last accessed November 1, 2021). Settlement class members can also purchase a variety of email services starting at $1.99 a month (*see* www.godaddy.com/email/professional-business-email (last accessed November 1, 2021), or a business phone line, which starts at $9.99 a month. *See* www.godaddy.com/smartline (last accessed November 1, 2021). As such, the voucher awards made available to the settlement class here are unlike the account credits at issue in *In re: Lumber Liquidators* which the Fourth Circuit found were coupons because the "class members will likely have to hand over more of their own money before they can take full advantage of the vouchers" since "in order to entirely replace their defective flooring, class members will be required to spend more money with [the defendant]." *In re: Lumber Liquidators Litig.*, 952 F.3d at 490. Here, the settlement class *can* obtain significant and valuable services from GoDaddy without spending any of their own money.

Critically, as the court in *Parsons* noted, many of the concerns underlying CAFA simply are not at issue here because the settlement class consists entirely of current and former GoDaddy customers, and the

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

violations at issue here do not relate to the quality of the services provided by GoDaddy. *See Parsons*, 2015 WL 13629647, at *4–*5. As such, the concerns expressed by Congress in passing CAFA involving settlements that "provided . . . $55 to use on a purchase of a new crib from a crib producer accused of making defective cribs, and discounted and free bottled water from a company that purportedly misrepresented the source of its water" (*In re: Lumber Liquidators*, 952 F.3d at 489) are entirely obviated here, as the settlement class consists of former or current GoDaddy customers in a suit that did not allege any qualms with the quality of GoDaddy's services.

Finally, this is not a situation where the voucher award is a nominal amount that does not have equivalent cash value. In finding that the account credits provided to settlement class members were not equivalent to cash, the Fourth Circuit in *In re: Lumber Liquidators* noted that only "about 15% of class members selected the vouchers over the cash award, which demonstrates that class members do not view the vouchers as having the diverse purchasing power of cash." F.3d at 490–91. Here, on the other hand, as the District Court noted, the percentage of class members who chose the cash award and the voucher award is

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

almost evenly split.[52] The fact that the settlement class has expressed a roughly equal preference for the cash award and the voucher award completely undermines Objector's arguments that the settlement provides only a nominal cash component and an insignificant "coupon" award. Not only is the cash award sufficient enough that the settlement class did not overwhelmingly choose the voucher award, but the voucher award was also sufficient for the other half of settlement class members to determine that it was equivalent to or better than receiving cash compensation.

Perhaps even more important, and attesting to both the value of the voucher award and the value of having the option of choosing between two valuable benefit options, is the overwhelmingly positive response from the settlement class; almost none of the 1.2 million class members chose to opt out of the settlement, and Mr. Pinto (and his counsel, the Bandas Law Firm) constituted the only valid objection filed.

---

[52] Dkt No. 74, at 7 ("the Court notes that roughly half of the Class Members who claimed awards opted for the $150 Voucher option. Thus, it can be assumed that half of the claimants recognized the $150 Voucher as bestowing equal or greater value than the $35 cash award").

## V. The District Court's Award Of Attorneys' Fees Was Not An Abuse Of Discretion.

In urging this Court to overturn the District Court's award of attorneys' fees, Objector fails to undertake any analysis of the District Court's well-reasoned decision. Instead, Objector simply insists that the attorneys' fee award is in violation of CAFA because it is "based on a percentage of unclaimed and unredeemed coupons."[53] However, contrary to Objector's arguments, and as explained in further detail in Section III above, the District Court calculated Class Counsel's fee award based on the total settlement benefits Class Counsel made available to the class—*not* the amount of voucher awards that settlement class members could claim.[54] As such, the District Court applied well-established Eleventh Circuit law that attorneys who "confer[] a substantial benefit upon a class" are entitled to a fee award that is a "reasonable percentage of the fund[.]"[55] In so doing, the District Court weighed all of the relevant

---

[53] *See* Appellant's Brief at 27.

[54] Dkt. No. 74, at 26 ("because this is not a coupon settlement, CAFA's provisions that base attorneys' fee awards on coupons actually redeemed is inapplicable").

[55] Dkt. No. 74, at 24 (citing *Gevaerts,* 2015 WL 6751061, at *10); *see also Id.* (noting that "the Eleventh Circuit has also applied this percentage-based approach to 'claims-made settlements'" which are "'the functional

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

*Johnson* factors and, as Objector points out, after fully considering his objection, chose to award 20% of the up to $35 million in benefits made available by the settlement as Class Counsel's attorneys' fee award—far less than the 30% originally sought by Class Counsel.[56] Given the fact that, under *Facebook* the settlement class would have no chance of receiving *any* compensation had they pushed forward with litigation, the significant amount of cash compensation made available, and the positive support for the settlement as shown by the lack of exclusions or any other objections, the District Court's award of attorneys' fees of "20% of the Settlement Fund" was well supported and within its discretion to award. *See James v. JPMorgan Chase Bank, N.A.*, No. 15-cv-2424, 2017 WL 2472499, at *2 (M.D. Fla. June 5, 2017) (awarding attorneys' fees amounting to 30% of the settlement fund in TCPA class action); *Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 18-cv-20048, 2019 WL 2249941, at *6 (S.D. Fla. May 24, 2019) (collecting authorities and noting "district

---

equivalent of a common fund settlement where the unclaimed funds revert to the defendant.'") (citing *Poertner*, 618 Fed. Appx. at 628 n.2; *Waters*, 190 F.3d at 1294).

[56] Dkt. No. 74, at 24–27; Appellant's brief at 10 (noting that "Pinto's objection resulted in . . . the court reducing the requested fee to $7 million").

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund"); *Schwyhart v. AmSher Collection Servs., Inc.*, No. 15-cv-01175, 2017 WL 1034201, at *3 (N.D. Ala. Mar. 16, 2017) (finding award of attorneys' fees of "one-third of the Settlement Fund" to be "fair and reasonable" in TCPA class action); *Hanley v. Tampa Bay Sports & Entertainment*, No. 19-cv-00550, Dkt. 94 (M.D. Fla. April 23, 2020) (awarding a fee of 35% of the settlement fund in TCPA class action).

Furthermore, while the District Court did not conduct a lodestar crosscheck,[57] Class Counsel's attorneys' fee award is also reasonable given the significant lodestar accrued by Class Counsel in the course of pursuing this litigation for over three years. As stated in Class Counsel's fee petition, Class Counsel's accumulated a lodestar of $2.8 million.[58] As such, the District Court's attorneys' fee award of $7 million amounts to just a 2.5 multiplier over Class Counsel's base lodestar—a multiplier that is well within the range found reasonable by courts in the Eleventh Circuit. *See, e.g., In re Progressive Ins. Corp. Underwriting & Rating Practices Litig.*, No. 03-cv-01519, 2008 WL 11348505, at *7 (N.D. Fla. Oct.

---

[57] Dkt. No. 74, at 24 n. 11 ("The Eleventh Circuit does not use the Lodestar method in common fund cases").
[58] Dkt. No 50, at 18.

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

1, 2008) (collecting authorities and noting that "the range of multipliers in large and complicated class actions runs from a low of 2.26 . . . to a high of 4.5"); *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007) (collecting authorities and stating that "[i]n many cases, including cases in this jurisdiction, multiples much higher than three have been approved").[59]

Because the District Court correctly applied binding Eleventh Circuit precedent that Class Counsel were entitled to a percentage of the cash benefits made available by the settlement, and conducted a thorough analysis of all relevant factors including Objector's arguments, the attorneys' fees awarded were not an abuse of discretion.

---

[59] Plaintiffs-Appellees contend that, as the Fourth Circuit foresaw in *In re: Lumber Liquidators Litigation*, even if this Court finds that this settlement was entirely subject to CAFA, the District Court's attorneys' fee award is still supported based on Class Counsel's lodestar alone. *See Parsons,* 2015 WL 13629647, at *8, *11 (noting that "even if this *were* a 'coupon settlement,' Class Counsel would still be entitled to a fee award based upon the lodestar/multiplier method" and "even if this court were to determine that the Settlement is a 'coupon settlement' subject to CAFA's attorneys' fees provision, which it is not, Class Counsel would still be entitled to seek fees based upon the lodestar method") (emphasis in original); *see also Blessing v. Sirius XM Radio Inc.*, 507 F. App'x 1, 5 (2d Cir. 2012) (finding that "[t]he district court approved the fee award after determining it was reasonable under the lodestar method, which reflects 'the amount of time class counsel reasonably expended working on the action,' and is therefore consistent with CAFA").

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

## VI.    Objector Has Already Conceded That The District Court Did Not Err In Granting Final Approval Of The Settlement.

Finally, it is worth noting that, as stated in Plaintiffs-Appellees' Motion for Summary Affirmance, Objector has already conceded that the settlement was fair and adequate when he chose to participate in it as a non-objecting class member pursuant to the settlement that he entered into to resolve this appeal. Specifically, by agreeing to dismiss Objector's appeal without any further modifications to the final approval order entered by the District Court, Objector's counsel agreed that the District Court's final approval ruling was sufficiently fair and adequate for Objector to participate in the settlement as a non-objecting class member.[60] Objector cannot on the one hand state that dismissal of his Objection and this appeal is in the best interests of the settlement class so long has he receives a fee, while on the other hand now proceed with this appeal and claim that the District Court's final approval order was deficient and failed to adequately consider CAFA when the District Court refuses to allow the pay-off. In so doing, Objector is clearly and directly tying his view of whether the settlement is fair and reasonable to whether

---

[60] *See* Dkt. No. 88-1, at ¶¶ 2.2.3, 4.2.

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

he is being personally paid for his efforts. Such a position is improper,

should be prohibited, and is certainly not in the best interests of the class

members whose benefits are being delayed by this appeal and who would

have no further remedy but-for this settlement

## CONCLUSION

For the reasons set forth above and in the District Court's order

granting final approval of the class action settlement, Plaintiffs-

Appellees respectfully request that this Court affirm the District Court's

order and judgment approving the settlement.

Dated: November 3, 2021          Respectfully submitted,

                                 /s/ *Earl P. Underwood, Jr.*
                                 UNDERWOOD & RIEMER, P.C.
                                 Earl P. Underwood, Jr.
                                 21 South Section Street
                                 Fairhope, AL 36532
                                 Tel: (251) 990-5558
                                 Fax: (251) 990-0626
                                 epunderwood@alalaw.com

                                 JRC LEGAL
                                 John R. Cox
                                 30941 Mill Lane, Suite G-334
                                 Spanish Fort, AL 36527
                                 Tel: (251) 517-4753
                                 john@jrclegal.net

                                 *Counsel for Plaintiffs-Appellees*

No.: 21-10199

Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 28(b), Fed. R. App. P. 32(a)(7)(B) and Eleventh Circuit Rule 28-1 and 32 because this brief contains 6,891 words, excluding the parts of the brief exempted by Eleventh Circuit Rule 32-4, as counted by Microsoft Word.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Century SchoolBook font and is double spaced.

Respectfully submitted,

/s/*Earl P. Underwood, Jr.*
UNDERWOOD & RIEMER, P.C.
Earl P. Underwood, Jr.
21 South Section Street
Fairhope, AL 36532
Tel: (251) 990-5558
Fax: (251) 990-0626
epuunerwood@alalaw.com

*Counsel for Plaintiffs-Appellees*

No.: 21-10199
Juan Pinto v. Susan Drazen v. GoDaddy.com, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 3, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Respectfully submitted,

/s/*Earl P. Underwood, Jr.*
UNDERWOOD & RIEMER, P.C.
Earl P. Underwood, Jr.
21 South Section Street
Fairhope, AL 36532
Tel: (251) 990-5558
Fax: (251) 990-0626
epunderwood@alalaw.com

*Counsel for Plaintiffs-Appellees*

36