No. 21-10199-F

---

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

## JUAN ENRIQUE PINTO,

Objector-Appellant,

**v.**

## SUSAN DRAZEN, ET AL.

Plaintiffs-Appellees,

**v.**

## GODADDY.COM, LLC,

Defendant-Appellee.

---

On Appeal from the United States District Court
For the Southern District of Alabama
(Case No. 1:19-00563-KD-B)

## DEFENDANT-APPELLEE GODADDY.COM, LLC'S APPELLEE'S BRIEF AND PARTIAL JOINDER TO BRIEF OF PLAINTIFFS-APPELLEES

---

Matthew B. Criscuolo
COZEN O'CONNOR
One North Clematis Street, Suite 510
West Palm Beach, FL 33401
Tel: 561-515-5263
Email: mcriscuolo@cozen.com
*Attorneys for Defendant-Appellee*
*GODADDY.COM, LLC*

Paula L. Zecchini
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206-340-1000
Email: pzecchini@cozen.com
*Attorneys for Defendant-Appellee*
*GODADDY.COM, LLC*

**No. 21-10199-F**
*Juan Pinto v. Susan Drazen, et al.*

**Certificate of Interested Persons
and Corporate Disclosure Statement**

Defendant-Appellee GoDaddy.com, LLC, by and through undersigned counsel and pursuant to Local Rule 26.1-1, submits its Certificate of Interested Persons and Corporate Disclosure Statement as follows:

GoDaddy.com, LLC is a wholly-owned subsidiary of Go Daddy Operating Company, LLC;

Go Daddy Operating Company, LLC is a wholly-owned subsidiary of Desert Newco, LLC; and

Desert Newco, LLC's sole managing member is GoDaddy Inc., which is a publicly traded company on the New York Stock Exchange (GDDY).

**<u>Interested Persons</u>**

Bandas Law Firm, PC (Counsel for Objector-Appellant Juan Enrique Pinto);

Bandas, Christopher A. (Counsel for Objector-Appellant Juan Enrique Pinto);

Bennett, Jason (Plaintiff-Appellee);

Bock Hatch Lewis & Oppenheim, LLC (Counsel for Plaintiffs-Appellees);

Bock, Phillip A. (Counsel for Plaintiffs-Appellees);

Clore, Robert William (Counsel for Objector-Appellant Juan Enrique Pinto);

Cox, John R. (Counsel for Plaintiffs-Appellees);

Cozen O'Connor (Counsel for Defendant-Appellee GoDaddy.com, LLC);

Criscuolo, Matthew B. (Counsel for Defendant-Appellee GoDaddy.com, LLC);

Deen, T. Jefferson, III (Counsel for Objector-Appellant Juan Enrique Pinto);

Desert Newco, LLC;

Drazen, Susan (Plaintiff-Appellee);

Kenneth J. Riemer Attorney at Law (Counsel for Plaintiffs-Appellees);

Kent Law Offices (Counsel for Plaintiffs-Appellees);

Kent, Trinette G. (Counsel for Plaintiffs-Appellees);

Go Daddy Operating Company, LLC;

GoDaddy Inc.;

GoDaddy.com, LLC (Defendant-Appellee);

Hatch, Robert M. (Counsel for Plaintiffs-Appellees);

Helfand, Steven F.;

Herrick, John;

Law Office of John R. Cox (Counsel for Plaintiffs-Appellees);

Mark K. Wasvary, P.C. (Counsel for Plaintiffs-Appellees);

Meyers, Evan (Counsel for Plaintiffs-Appellees);

McGuire Law, PC (Counsel for Plaintiffs-Appellees);

McMorrow Law, PC (Counsel for Plaintiffs-Appellees);

McMorrow, Michael J. (Counsel for Plaintiffs-Appellees);

Monhait, Jeffrey M. (Counsel for Defendant-Appellee GoDaddy.com, LLC);

Pinto, Juan Enrique (Objector-Appellant);

Reimer, Kenneth J. (Counsel for Plaintiffs-Appellees);

The Honorable Sonja F. Bivins (U.S. District Magistrate Judge, So. District of Alabama);

The Honorable Kristi K. DuBose (U.S. District Court Judge, So. District of Alabama);

Turin, Yevgeniy Y. (Counsel for Plaintiffs-Appellees);

Underwood & Riemer, PC (Counsel for Plaintiffs-Appellees);

Underwood, Earl Price, Jr. (Counsel for Plaintiffs-Appellees);

Wasvary, Mark K. (Counsel for Plaintiffs-Appellees); and

Zecchini, Paula L. (Counsel for Defendant-Appellee GoDaddy.com, LLC).

I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the justices of the Eleventh Circuit Court of Appeals assigned to this case, and will immediately notify the Court in writing upon learn of any such conflict.

**Statement Regarding Oral Argument**

Defendant-Appellee GoDaddy.com, LLC ("GoDaddy") respectfully submits that oral argument is not needed in this case, which presents a straightforward appeal of a district court's correct decision to grant final approval of a class action settlement as fair, reasonable, adequate, and not the result of collusion. However, if the Court determines that oral argument may assist in resolving the issues raised in this appeal, GoDaddy respectfully requests the opportunity to present oral argument.

**Table of Contents**

Certificate of Interested Persons and Corporate Disclosure Statement.................C-1

Statement Regarding Oral Argument ..........................................................................i

Table of Contents......................................................................................................ii

Table of Authorities.................................................................................................iii

Jurisdictional Statement............................................................................................1

Statement of the Issues..............................................................................................2

Statement of the Case................................................................................................3

Summary of the Argument........................................................................................4

Argument....................................................................................................................5

    A. The District Court's Order Is Subject To Review For Abuse Of Discretion, Not *De Novo* Review ...............................................................................................6

    B. The District Court Correctly Determined That The Class Action Settlement Is Not Subject To The "Coupon Settlement" Provisions In CAFA .....................6

    C. The District Court's Order Granting Final Approval Of The Class Action Settlement Should Be Affirmed Regardless Of The Court's Decision On CAFA Or The Fee Award ...............................................................................................8

Conclusion .............................................................................................................11

# Table of Authorities

**Page(s)**

**Cases**

*Chambers v. Whirlpool Corp.*,
  980 F.3d 645 (9th Cir. 2020) ...............................................................7

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
  999 F.3d 1247 (11th Cir. 2021) ...........................................................3

*In re Lumber Liquidators Chinese-Manufactured Flooring Prods.*
  *Marketing, Sales Practices and Prods. Liab. Litig.*,
  952 F.3d 471 (4th Cir. 2020) ..........................................................6, 7

*Parsons v. Brighthouse Networks, LLC*,
  No. 2:09-cv-267-AKK, 2015 WL 13629647 (N.D. Ala. Feb. 5,
  2015) ....................................................................................................4

**Statutes**

28 U.S.C. § 1291 ....................................................................................1

28 U.S.C. § 1331 ....................................................................................1

Class Action Fairness Act, 28 U.S.C. § 1712 .......................2, 3, 4, 5, 6, 7

Telephone Consumer Protection Act, 47 U.S.C. § 227 ...........................1

## Jurisdictional Statement

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs-Appellees Susan Drazen and Jason Bennett ("Plaintiffs-Appellees") asserted a claim arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, as set forth in Plaintiffs-Appellees' Complaint. *See* Objector-Appellant's Appx. at 14-18, Doc. 1.

The Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, as the district court's December 23, 2020 order granting final approval of the class action settlement and dismissing the action with prejudice, *see* Objector-Appellant's Appx. at 207-238, Doc. 74, is a "final decision."

## Statement of Issues

1.    Whether the district court's decision to grant final approval of the class action settlement as fair, reasonable, and adequate constituted an abuse of discretion.

2.    Whether the district court correctly determined that the class action settlement is not subject to the "coupon settlement" provisions in the Class Action Fairness Act ("CAFA"), set forth at 28 U.S.C. § 1712.

3.    Whether the district court's order granting final approval of the class action settlement should be affirmed regardless of the Court's decision on (a) the applicability of CAFA's "coupon settlement" provisions  to this class action settlement, or (b) the district court's fee award.

**Statement of the Case**

For purposes of this appeal, and as contemplated by FRAP 28(i) and 11th Cir. R. 28-1(f), GoDaddy joins in the Statement of the Case set forth in Plaintiffs-Appellees' brief. *See* Plaintiffs-Appellees' Br. at pp. 2-11.

## Summary of the Argument

Defendant-Appellee GoDaddy.com, LLC ("GoDaddy") submits this Appellee's brief—and partial joinder to the brief of Plaintiffs-Appellees Susan Drazen and Jason Bennett ("Plaintiffs-Appellees")—regarding Objector-Appellant Juan Pinto's ("Objector-Appellant") appeal of the district court's Final Judgment and Order Approving Class Settlement, *see* Objector-Appellant's Appx. at 207-238, Doc. 74. At the outset, GoDaddy notes that Objector-Appellant's appeal appears to be directed primarily to the fees the district court awarded to counsel for Plaintiffs-Appellees, *see* Objector-Appellant's Br. at 12, 21-27, Objector-Appellant's Appx. at 229-234, Doc. 74, and GoDaddy takes no position on that dispute.

GoDaddy does dispute certain of Objector-Appellant's arguments that appear to be directed at the district court's decision to grant final approval of the class action settlement, *see* Objector-Appellant's Br. at 13-21, including Objector-Appellant's incorrect claim that (1) this appeal is subject to *de novo* review, rather than the abuse of discretion standard that applies to appeals of orders approving class action settlements; (2) the district court somehow erred in concluding that the class action settlement, as set forth in the Second Amended Class Action Settlement Agreement (the "Agreement"), *see* Objector-Appellant's Appx. at 52-109, Doc. 50-1, was not a "coupon settlement" under the Class Action Fairness Act ("CAFA"); and (3) a

reversal as to the fee award would somehow mandate a reversal of the district's court's decision to grant final approval of the class action settlement.

Objector-Appellant is wrong, as (1) a district court's decision to grant final approval of a class action settlement is reviewed for abuse of discretion, not *de novo*; (2) the district court correctly determined that the class action settlement is not subject to the coupon settlement provisions in CAFA, as the district court correctly found settlement class members had a choice to claim either a voucher or a cash award, the vouchers are freely transferable and good on all products and services GoDaddy offers, and half the settlement class members who submitted a claim elected to receive a voucher, demonstrating that they believed the voucher provided equal or greater value than the cash award; and (3) the district court's decision to grant final approval of the class action settlement should be affirmed regardless of the Court's decision on CAFA or the fee award, as (a) the district court analysis in granting final approval of the class action settlement satisfies CAFA, and (b) the fee award does not impact the district court's approval of the class action settlement.

Additionally, for purposes of this appeal, and as contemplated by FRAP 28(i) and 11th Cir. R. 28-1(f), GoDaddy joins Sections I, II, and IV of the Argument Section in Plaintiffs-Appellees' brief, which address the issues raised above, as well as Plaintiffs-Appellees' Statement of the Case. *See* Plaintiffs-Appellees' Br. at pp. 2-11, 13-19, 23-28.

**Argument**

A.    **The District Court's Order Is Subject To Review For Abuse Of Discretion, Not *De Novo* Review**

The district court's decision to grant final approval of the class action settlement in this action is subject to review for abuse of discretion. *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021) (citing *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012)). For purposes of this appeal, and as contemplated by FRAP 28(i) and 11th Cir. R. 28-1(f), GoDaddy joins the arguments made on this issue by Plaintiffs-Appellees in Section I of the Argument Section of their brief. *See* Plaintiffs-Appellees' Br. at Arg. § I, pp. 13-14. Objector-Appellant did not identify this standard, much less address it, and instead tried to lessen his burden by arguing that this case presents only a question of statutory interpretation (the applicability of CAFA) subject to *de novo* review. *See* Objector-Appellant's Br. at 13. Regardless, Objector-Appellant has not claimed that the district court abused its discretion in granting final approval of the class action settlement, and as a result, the district court's order granting final approval of the class action settlement should be affirmed.

B.    **The District Court Correctly Determined That The Class Action Settlement Is Not Subject To The "Coupon Settlement" Provisions In CAFA**

The district court correctly determined that the class action settlement is "not a coupon settlement as contemplated by CAFA." *See* Objector-Appellant's Appx.

6

at 212-214, Doc. 74. For purposes of this appeal, and as contemplated by FRAP 28(i) and 11th Cir. R. 28-1(f), GoDaddy joins the arguments made on this issue by Plaintiffs-Appellees in Section IV of the Argument Section of their brief. *See* Plaintiffs-Appellees' Br. at Arg. § IV, pp. 23-28. The district court correctly observed that "Class Members received the choice between a $150 Voucher *or* a $35 cash award," *see* Objector-Appellant's Appx. at 213, Doc. 74, and the Voucher Award is freely transferrable, good on all products and services GoDaddy offers, and does not require any minimum purchase. *See* Objector-Appellant's Appx. at 62, Doc. 50-1 at ¶ 51(b). As a result, the district court was correct in concluding that "the presence of the $35 cash award removes this Settlement Agreement from the purview of CAFA's restrictions on coupon settlements." Objector-Appellant's Appx. at 213, Doc. 74 (citing *Mahoney v. TT of Pine Ridge, Inc.*, No. 17-80029-CIV-MIDDLEBROOKS, 2017 WL 9472860, at *6 (S.D. Fla. Nov. 20, 2017) (holding that settlement offering class members "'an option between cash and non-pecuniary relief'" is not a "coupon settlement" under CAFA, particularly where "coupons" are freely transferable, require no minimum purchase, and are good on all merchandise) (quoting 4 William B. Rubenstein, *Newberg on Class Actions* § 12.11 (5th ed. 2011))). *See also Parsons v. Brighthouse Networks, LLC*, No. 2:09-cv-267-AKK, 2015 WL 13629647, at *7-8 (N.D. Ala. Feb. 5, 2015) (holding that settlement was not a "coupon settlement" under CAFA where it provided class

members with "account credits" that were "essentially the equivalent of cash that can be spent to purchase new services outright, *without spending any of the customers' own money*") (emphasis in original).

As the district court observed, "Class Members had the opportunity to weigh, in their own rationale self-interest, whether the $150 Voucher award provided greater value than the $35 cash award."  Objector-Appellant's Appx. at 213, Doc. 74.  Indeed, "roughly half of the Class Members who claimed awards opted for the $150 Voucher option," such that "it can be assumed that half of the claimants recognized the $150 Voucher as bestowing equal or greater value than the $35 cash award."  *Id.*  As a result, the district court correctly determined that the class action settlement in this case is not a "coupon settlement" under CAFA.

### C.    The District Court's Order Granting Final Approval Of The Class Action Settlement Should Be Affirmed Regardless Of The Court's Decision On CAFA Or The Fee Award

Even if this Court (a) concludes that the district court erred in finding that this class action settlement is not a coupon settlement under CAFA, or (b) vacates the fee award, the district court's order granting final approval of the class action settlement "as fair, reasonable, and adequate and not the result of collusion" should be affirmed.  *See* Objector-Appellant's Appx. at 228, Doc. 74.

First, the district court's reasoned analysis in granting final approval of the class action settlement satisfies CAFA.  *See id.* at 207-238, Doc. 74.  For purposes

of this appeal, and as contemplated by FRAP 28(i) and 11th Cir. R. 28-1(f), GoDaddy joins the arguments made on this issue by Plaintiffs-Appellees in Section II of the Argument Section of their brief.  *See* Plaintiffs-Appellees Br. at Arg. § II, pp. 14-19.  Although CAFA constrains the range of permissible attorney fee awards in coupon settlements, *see* 28 U.S.C. § 1712—and again, GoDaddy takes no position on the fee award at issue—when it comes to *approving* "coupon settlements," CAFA requires only that the district court hold "a hearing to determine whether, and mak[e] a written finding that, the settlement is fair, reasonable, and adequate for class members."  28 U.S.C. § 1712(e).  It is undisputed that the district court satisfied these requirements, as the district court (1) considered full briefing on the adequacy of the class action settlement from Plaintiffs-Appellees and Objector-Appellant, as well as a statement from GoDaddy responding to Objector-Appellant's objection, *see* Doc. 53, 61-62, 65-69; (2) held an evidentiary hearing on December 14, 2020 regarding the adequacy and fairness of the class action settlement; and (3) issued a thorough, well-reasoned order granting final approval of the class action settlement as "fair, reasonable, and adequate and not the result of collusion."  Objector-Appellant's Appx. at 207-238, Doc. 74.  *See also In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Marketing, Sales Practices and Prods. Liab. Litig.*, 952 F.3d 471, 492 (4th Cir. 2020) (vacating fee award but affirming order approving settlement, finding that "district court complied with CAFA's requirements for court

approval of a 'coupon' settlement" by conducting a hearing and issuing written findings that settlement was "fair, reasonable, and adequate for class members."). Objector-Appellant has not challenged the district court's analysis of the class action settlement, or its determination that the class action settlement is "fair, reasonable, and adequate." As a result, the district court's order granting final approval of the class action settlement should be affirmed.

Second, the fee award—or any change thereto—does not impact the district court's approval of the class action settlement. The Agreement makes clear that "the Court's failure to approve, in whole or in part, any award for fees or cost and expenses shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement." Objector-Appellant's Appx. at 76, Doc. 51-1 at ¶ 77. As a result, this Court's "review of the district court's decision to grant final settlement approval is not tied to" any decision on the fee award. *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 669 (9th Cir. 2020) (reversing fee award in coupon settlement under CAFA, but finding no abuse of discretion in district court's decision to grant final settlement approval). *See also, e.g. In re Lumber Liquidators*, 952 F.3d at 492 (vacating fee award but affirming approval of settlement). The question on appeal is whether the district court abused its discretion in granting final approval of the settlement at issue, and Objector-Appellant has not suggested that the district court did so in approving this class action settlement. As a result, the

district court's order granting final approval of the class action settlement should be affirmed.

**Conclusion**

The district court correctly found that the class action settlement as set forth in the Agreement was not a "coupon settlement" under CAFA, and the district court did not abuse its discretion in granting final approval of the class action settlement as fair, reasonable, adequate, and not the subject of collusion.  Therefore, GoDaddy respectfully asks that the Court affirm the district court's order granting final approval of the class action settlement.

Dated:  November 3, 2021          Respectfully Submitted,

**COZEN O'CONNOR**

*/s/ Paula L. Zecchini*
Matthew B. Criscuolo
One North Clematis Street, Suite 510
West Palm Beach, FL 33401
Tel: 561-515-5263
Fax: 561-515-5230
Email: mcriscuolo@cozen.com

Paula L. Zecchini
999 Third Avenue, Suite 1900
Seattle, WA 98104
Tel: 206-373-7213
Fax: 206-455-8251
Email: pzecchini@cozen.com

*Attorneys for Defendant-Appellee*

*GoDaddy.com, LLC*

**Certificate of Compliance**

I hereby certify that, pursuant to FRAP 32(g)(1) and 11th Cir. R. 32-4 regarding type volume limitations, according to the word processor program used to create the foregoing, this Appellee's Brief and Partial Joinder to Appellee's Brief of Plaintiffs-Appellees contains 2966 words.

**Certificate of Service**

I hereby certify that on November 3, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

By:  */s/ Paula L. Zecchini*
Paula L. Zecchini