

June 8, 2023

**Jeffrey M. Monhait**
Direct Phone   215-665-2084
Direct Fax      215-989-4183
jmonhait@cozen.com

**VIA ECF**

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, GA 30303

> **Re:**    *Susan Drazen, et al. v. Juan Pinto*; No. 21-10199-U

Dear Mr. Smith:

Pursuant to Rule 28(j), Defendant-Appellee GoDaddy.com, LLC ("GoDaddy") responds to Objector-Appellant's Notice of Supplemental Authority regarding *Dickson v. Direct Energy, LP*, No. 22-3394, -- F.4th --, 2023 WL 3749640 (6th Cir. June 1, 2023). First, *Dickson* is distinguishable from *Salcedo* because it concerns a voicemail, not a text message. *See* GoDaddy's Br. at 21-22 (distinguishing *Sussino* on that ground). Regardless, this Court has already held that one voicemail is not a concrete injury sufficient for Article III standing. *See id.* at 39 (discussing *Grigorian*).

Second, *Dickson* is fundamentally inconsistent with *Hunstein*, *Muransky*, and *TransUnion*. *Dickson* acknowledged that the common-law tort of intrusion upon seclusion, as applied to communications, requires conduct "amount[ing] to 'hounding' of the plaintiff." 2023 WL 3749640, at *5. Although *Dickson* acknowledged this core element was entirely absent given that the allegations concerned a single voicemail, *Dickson* still found the historical analogue satisfied. *Id.* This reasoning not only runs afoul of *Salcedo*, but also with this *en banc* Court's entire approach to the historical analogue test, which the Supreme Court "ratified" in *TransUnion*. *See, e.g.*, *Hunstein v. Preferred Collection & Mgmt. Servs.*, 48 F.4th 1236, 1239, 1248 (11th Cir. 2022) (en banc) ("[T]he common law analogy collapses if we can rewrite a traditional tort to exclude an essential element.").

Third, *Dickson* conflicts with the Seventh Circuit's approach in *Gadelhak*. *Salcedo* and *Gadelhak* agreed that the relevant harm redressed by the tort of intrusion upon seclusion is that associated with a course of hounding. *See* GoDaddy's Br. at 24. *Dickson* took a far broader view in setting the relevant harm as anything touching upon a "right to be left alone." 2023 WL 3749640, at *5. Again, this reasoning erases an essential element from the comparator tort— conduct "highly offensive to the ordinary reasonable man" (which, for communications, means a course of hounding). *See* RESTATEMENT (SECOND) OF TORTS § 652B, cmt. d. *Dickson*'s divergence in reasoning from *Gadelhak* underscores the inconsistencies in the approaches

Mr. David J. Smith, Clerk of Court
June 8, 2023
Page 2

applied by other Circuit Courts on the historical analogue test, in stark contrast to this Court's consistent (and correct) approach on this issue.

Respectfully submitted,

COZEN O'CONNOR

*s/Jeffrey M. Monhai_____t*
*Attorneys for Defendant-Appellee*
*GoDaddy.com, LLC*

JMM

cc:    All Counsel of Record via CM/ECF